UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-655-CVE-PJC |
| | ) |
| PBC NBA DL, LLC, | ) |
| JIM BRYLEWSKI, and | ) |
| MICHELLE MATTHEWS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) alleging claims based on his unsuccessful tryout for a semi-pro basketball team. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On October 4, 2013, plaintiff filed a pro se complaint using a form provided by the clerk of the court. The complaint identifies three defendants but the form is otherwise blank. Dkt. # 1, at 1-2. Plaintiff has attached to his complaint a screen shot of a page from the website of the Tulsa 66ers, a NBA Development League team. Id. at 3. Plaintiff has also attached to his complaint a typed document styled "Lawrence Harris Vs Tulsa66ers" which states:

> This all started with an negotiated deal with an head basketball coach mr Nate Tibbett's of the Sioux falls sky force basketball team one that ended Up an false one when he had done given me back an 150 dollars of my tryout Money back after going to an assistant coach mr dale Osborne in 2010 three Years after this is in

> pursuit to do what iam going call harassment iam now Asking to be placed on there basketball team come what they did.

Dkt. # 1, at 8. This documents appears to contain all of the factual allegations in support of plaintiff's claims. Plaintiff has also provided a copy of a Tenth Circuit Court of Appeals decision affirming the dismissal of a previous case based on the same facts. In the previous lawsuit, plaintiff alleged that the Tulsa 66ers engaged in "herresment" and false advertising after he unsuccessfully tried out for the team, and he sought at least $500,000,000 in damages. Harris v. Tulsa 66ers et al., 10-CV-782-CVE-FHM, Dkt. # 1 (N.D. Okla. Dec. 9, 2010). The Court dismissed the case for lack of subject matter jurisdiction, and the dismissal was affirmed by the Tenth Circuit.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint alleges that all parties are citizens of Oklahoma, and there is no basis for the Court to exercise diversity jurisdiction over this case. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court has determined, sua sponte, that dismissal of plaintiff's claims against defendants is warranted for lack of subject matter jurisdiction. Although the complaint (Dkt. # 1, at 1-2) contains no factual allegations, the Court has reviewed the documents attached to the complaint in an attempt to discern the nature of plaintiff's claims. It appears that his claims are based on the same facts as his previous lawsuit and, as found by the Tenth Circuit, that case was appropriately dismissed for lack of subject matter jurisdiction. See Harris v. PBC NBADL, LLC, 444 Fed. App'x 300 (10th Cir. Oct. 31, 2011).[1]  Neither the complaint nor the documents attached to the complaint

---

[1]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

3

contain any reference to federal law, and the complaint cannot reasonably be construed to allege a claim arising under federal law.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 15th day of October, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE